DANFORTH MAY v. THE TOWN OF JAMAICA.*

*Pleading. Taxes. Town. Jurisdiction. Appeal.*

A plea by the *town* that the money which the plaintiff is seeking to recover, was collected of him by the constable, named, upon a rate bill and warrant duly issued, &c., would not give the county court appellate jurisdiction, where it did not exist upon other ground.

PIERPOINT, J. This suit was commenced before a justice of the peace. The writ contained only the common counts of *indebitatus assumpsit*, demanding ten dollars damages, and the *ad damnum* was ten dollars.

The defendant pleaded the general issue and a special plea of justification on the ground that the money which the plaintiff was seeking to recover in this action was collected of him, the plaintiff, by William H. Carr, the constable of the defendant town, upon a legal rate bill and warrant, duly issued by the selectmen of the said defendant town for the purpose of collecting the town and state taxes, &c.

* This case was argued at the February Term, Windham County 1864, and the opinion delivered at the General Term, November, 1864.

Judgment having been rendered by said justice for the plaintiff, the defendant appealed.

The appeal was on motion of the plaintiff dismissed for want of appellate jurisdiction, and exceptions were taken by the defendant, and the only question here is, whether upon the declaration and pleadings the suit was appealable.

As neither the *ad damnum* in the plaintiff's writ, nor the sum demanded by the declaration, exceeds the sum of ten dollars, the suit clearly is not appealable unless it is made so by the defendant's special plea.

It is claimed that the plea brings the case within the excepting clause in the 70th section of the act relating to justices of the peace, which allows an appeal " when the defendant shall *bona fide* plead in excuse or justification that he was acting as a *public officer* under, or by virtue of any tax bill, or military warrant."

The same class of questions to a great extent would arise upon the trial of this case, that would have arisen if the action had been brought against the constable ; still to warrant us in extending the same right of appeal to the one case as the other, we must be able to see that the case comes within the true spirit and meaning of the act. It is not sufficient that the reasons are as strong in favor of allowing an appeal in this class of cases as in the other ; but the question is, can it fairly be said that the legislature did, or intended to, include within the provisions of the act cases like the present.

The language of the act is direct that to give the right of appeal, the defendant shall plead in excuse or justification that he was acting as a public officer, &c. If the legislature had intended to include any other class of persons in that provision, language so explicit in its terms, and so clearly limiting its operation, would not have been used.

The fact that in reason, cases like the present ought to be embraced within the provisions of the act allowing appeals, is a consideration that may be and perhaps ought to be urged upon the legislature, but it is one which we cannot judicially take notice of.

Judgment affirmed.

*Butler & Wheeler*, for the defendant.

*A. Stoddard*, for the plaintiff.